DUFRESNE, Judge.
This is an appeal by A. Copeland Enterprises, Inc., and their insurer, Louisiana Insurance Guaranty Association, defendants-appellants, from a lump sum damage award of $40,000, in favor of Rita Powell, plaintiff-appellant. The sole issue before us is whether the trial judge abused his discretion in fixing the award. Defendants urge that the award is too high, and plaintiff, by way of answer to the appeal, asserts that it is too low. However, based on the particular facts of this case, we find no abuse of discretion, and therefore affirm the award.
The facts of the incident giving rise to this suit are not in dispute. At about ten o’clock one evening, Rita Powell went to a fried chicken outlet with two of her daughters and her sister-in-law. While waiting for their food, they saw a fistfight erupt in front of the store between one of the store’s young employees and two other youths. Mrs. Powell told the workers inside the store that one of their co-workers was being beaten up, and suggested that someone call the police. Terry Lemieux, one of the workers inside, told her to mind her own business. When Mrs. Powell reiterated that someone should call the police, Miss Lemieux suddenly came out from behind the counter and began shoving Mrs. Powell. Mrs. Powell attempted to leave the store, but was knocked to her knees. When she got up, Lemieux pushed her against a door and railing. On reaching the parking lot, Mrs. Powell was again knocked to her knees. The Powell party finally managed to get into their car and drove off with Lemieux beating on the vehicle.
Several days after this incident, Mrs. Powell continued to have pains in her neck and back where she struck the door and railing. She consulted Dr. William Chapel, a chiropractor, who diagnosed her as having cervical, upper thoracic, and lower lumbar spine strain/sprain, with tenderness, muscle spasms, and nerve root irritation. He treated her conservatively for about three months and, her condition being substantially improved, he discharged her. He testified, however, that this discharge was tentative because of the severity of the injury and possible recurrence of the symptoms. In July, 1984, Mrs. Powell returned complaining of neck and back pains again, and was treated through December, 1984, when she was again discharged. The doctor testified that in his opinion this recurrence of the symptoms was a result of the original injury.
Mrs. Powell had also occasionally complained to Dr. Chapel of knee pains. In October, 1984, he referred her to Dr. Earl Rozas, an orthopedic surgeon, for her knee problems. Dr. Rozas diagnosed her as suffering from chondromalacia, a condition of the underside of the knee caps which causes them to grate. He saw her six times between the first visit and August, 1985, and used conservative treatment including anti inflammatory medication and cortisone injections. In a follow up visit of June 27, 1986, he noted that her problem was continuing and suggested that she may eventually need surgery. He also gave her an eight to ten percent permanent physical impairment to both legs. As to causation, this doctor stated that based on the history of no prior knee problems, as reported to him by Mrs. Powell, her condition resulted from the falls at the restaurant.
On December 19, 1985, Mrs. Powell was examined once by Dr. George Brown, also an orthopedic surgeon, at defendant’s request. No back or neck problems were noted at that time. He did diagnose chon-dromalacia in both knees, but stated that it was a mild case. His opinion as to causation was that it was more probably related to aging, rather than trauma. He further stated, however, that this condition can indeed be caused by trauma.
Mrs. Powell, as well as members of her family, testified that the grating in her knees is audible when she uses the stairs, and that she has trouble doing housework. They further testified that she now has difficulty bowling and dancing, activities *851 which she often took part in before the incident.
Her past medical bills totaled some $3,700, and the estimated costs of knee surgery is $4,000.
On the basis of the above evidence, the trial court awarded a lump sum of $40,000. No reasons for judgment appear in the record.
The leading case on the proper standard of review of damage awards is Coco v. Winston Industries, Inc., 341 So.2d 332, 335 (La.1977), which states:
“We do reemphasize, however, that before a Court of Appeal can disturb an award made by a trial court that the record must clearly reveal that the trier of fact abused its discretion in making its award.
Only after making the finding that the record supports that the lower court abused its much discretion can the appellate court disturb the award, and then only to the extent of lowering it (or raising it) to the highest (or lowest) point which is reasonably within the discretion afforded that court. Citations omitted.
We have carefully reviewed the record before us, and do not find that the present award is either so high or so low as to constitute an abuse of discretion.
The defendants bring to our attention a line of cases dealing with manifestly erroneous factual conclusions, of which follow the rule of Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). They argue in this regard that the trial court erred in implicitly finding that plaintiffs knee problems were caused by the incident. We disagree. Her treating physician was of the opinion that the knee problem was caused by trauma, based on plaintiffs history of no prior knee difficulties. Mrs. Powell, as well as other members of her family, testified that she had no prior problems, and engaged in sports and dancing without complaint until her injury. The trier of fact was called upon to assess the credibility of these witnesses, and there is nothing in the record which would indicate that they should not have been believed.
The only evidence tending to show that the knee problems were not caused by the incident in question, was the testimony of Dr. Brown, defendants’ expert. However, Dr. Brown only saw the plaintiff on one occasion, while Dr. Rozas was her treating physician. We perceive no manifest error in the trier of fact crediting the testimony of Dr. Rozas over that of Dr. Brown. Mendez v. American Fire & Indemnity Co., 468 So.2d 1272 (La.App. 1st Cir.1985).
For the foregoing reasons, the judgment of the trial court is hereby affirmed.
AFFIRMED.